No. 110,241

In the Matter of PANTALEON FLOREZ, JR., *Respondent*.

(316 P.3d 755)

Opinion filed January 24, 2014.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause and was on the formal complaint for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause, and *Pantaleon Florez, Jr.*, respondent, argued the cause pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Disciplinary Administrator's office against the respondent, Pantaleon Florez, Jr., of Topeka, an attorney admitted to the practice of law in Kansas in 1981.

On August 31, 2012, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Respondent answered on September 24, 2012. The disciplinary administrator and respondent entered into a written stipulation on February 25, 2013. A panel of the Kansas Board for Discipline of Attorneys held a hearing on February 27, 2013, where respondent appeared in person and through counsel. The hearing panel determined that respondent violated KRPC 8.4(d) (2013 Kan. Ct. R. Annot. 655) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"8.   On February 25, 2013, the respondent, his counsel, and Mr. Hazlett entered into a written stipulation. In the stipulation, the respondent admitted to

facts as detailed below. Additionally, the respondent stipulated that he violated KRPC 8.4(d) and KRPC 8.4(g). The stipulation provided as follows:

'COMES NOW the Disciplinary Administrator's Office, through Stanton A. Hazlett, and the respondent, through John Ambrosio, and enter into the following stipulation in Case DA11,388. Both the Disciplinary Administrator's Office and the respondent understand that this stipulation is not binding on the panel hearing this case or on the Kansas Supreme Court. The Disciplinary Administrator and the respondent stipulate as follows:

'1. Pantaleon Florez, Jr. is an attorney at law, Kansas Attorney Registration No. 10889. . . .

'2. On September 9, 2008, the complainant, [L.L.], filed a paternity action in Sedgwick County District Court in which it was alleged that the respondent, Pantaleon Florez, Jr., was the father of A.L. The complainant sought a determination of visitation and custody and temporary orders.

'3. The respondent filed an Answer on September 26, 2008, in which he stated that he was without sufficient information to admit or deny that he was the father of A.L. He represented himself at this time.

'4. On December 2, 2008, the court ordered that the respondent pay temporary child support in the amount of $500.00 a month from the date of the child's birth, August 26, 2008. Also, on December 2, 2008, the court ordered the respondent to provide income information and complete a domestic relations affidavit. On December 4, 2008, the respondent was served with interrogatories and a request for production of documents. The respondent had 30 days, pursuant to K.S.A. 60-233 and 234, until January 4, 2009, to answer the interrogatories. By this time it had been determined that the respondent was the father of A.L.

'5. On January 26, 2009, the complainant filed a motion to compel respondent to provide income information, including the respondent's 2007, and 2008, income tax returns and bank statements. The complainant requested that the respondent file his domestic relations affidavit. On January 28, 2009, an amended motion to compel was filed. In that motion, complainant's counsel alleged that respondent had not provided income information previously requested. The respondent did file a domestic relations affidavit on March 27, 2009.

'6. On February 24, 2009, the respondent was ordered by the court to provide complainant's counsel with copies of the respondent's 2006, 2007 and 2008 tax returns by April 15, 2009. The respondent was to provide his 2004 and 2005 tax returns within ten days of February 24 and to respond to interrogatories within 30 days. Also on February 24, 2009, the complainant filed an Affidavit In Contempt alleging that the respondent had failed to provide the documents previously ordered by the court to be produced.

'7. On June 1, 2009, the complainant filed a motion seeking various temporary orders. In that motion, the complainant noted that the domestic relations affidavit filed by the respondent was incomplete, the 2006, 2007 and 2008 tax returns had not been produced as ordered by the court and that other financial information had not been provided as promised by the respondent.

'8. On September 17, 2009, a hearing was held after which Judge Patrick Walters ordered that the respondent pay child support in the amount of $918.00 a month from the date of A.L.'s birth. The Judge imputed $80,000.00 in yearly income to the respondent. The respondent had not provided tax returns for the years 2007, and 2008, as ordered by the court because he had not filed returns for those years. In addition, the complainant was awarded judgment for medical bills in the amount of $1,021.18, reimbursement of lab costs for DNA tests in the amount of $420.00 and attorney's fees assessed against the respondent in the amount of $15,408.93 to be paid to the attorney for the complainant. The court's orders were journalized on February 22, 2010. At the September 17, 2009, hearing the respondent acknowledged that he had not provided tax returns for the years 2007 and 2008 to opposing counsel as ordered by the court. At the conclusion of the hearing, Judge Walters admonished the respondent for his failure to provide his tax returns to counsel in spite of court orders to do so on several occasions. Judge Walters cited the respondent's failure to comply with the judge's orders regarding providing income information to opposing counsel as the basis for imputing income of $80,000.00 to the respondent.

'9. On June 24, 2010, the respondent filed an appeal of the court's ruling regarding imputed income and the attorney's fees awarded against the respondent. On July 15, 2011, the Kansas Court of Appeals affirmed the trial court's ruling on all issues.

'10. On July 30, 2010, the complainant filed a motion requesting that the respondent be held in contempt. The motion set out allegations that the respondent had again failed to file to pay [ *sic* ] child support, medical expenses and DNA costs.

'11. On August 10, 2010, a hearing was held at which the respondent was ordered by Judge Robb Rumsey to provide financial information regarding his law practice within ten days to the complainant's counsel. The respondent was also ordered to provide his accounts receivables and billing statements from his law practice to opposing counsel within 30 days. On October 26, 2010, the complainant filed a Motion For Attorney's Fees, Costs And Sanctions. In that motion it was alleged that the respondent had not complied with the orders of the court made August 10, 2010. On January 19, 2011, an Order was signed by Judge Rumsey in which the respondent was again ordered to provide the complainant documents requested by the com-

plainant on August 10, 2010. In the order, the respondent was ordered to pay an additional $750.00 in attorney's fees incurred by the complainant.

'12.   On February 4, 2011, the motion for contempt filed by the complainant on July 30, 2010, was heard by the court. At that hearing, the respondent stipulated that the allegations contained in the complainant's Motion And Affidavit In Contempt were truthful and that he owed a child support arrearage through August of 2010. He also agreed to a judgment for past due medical expenses and for DNA costs. Further, the respondent stipulated that he had funds available to pay his court-ordered obligations as set forth in the Affidavit Of Contempt and did not pay the same. The respondent admitted that the majority of funds paid on his various obligations were collected as a result of significant efforts by the complainant's attorney, including the garnishment of funds. The court granted judgment against the respondent in the amount of $5,536.21 for a child support arrearage due and owing as of February 24, 2011. A judgment in the amount of $10,000.00 was granted against the respondent in favor of the complainant to pay her attorney's fees incurred in connection with the case and collection attempts related to the same. The respondent was also ordered to pay his court-appointed attorney's fees in the amount of $2,025.00. On February 4, 2011, the court also heard evidence on the request of the respondent to reduce his child support. On the issue of the respondent's request to modify his child support, the court dismissed that motion and granted a judgment against the respondent in the amount of $4,993.00 for attorney's fees incurred by the complainant's attorney in connection with defending that matter.

'13.   The respondent stipulates that his failure to provide documents to the complainant's counsel as ordered by the court and his failure to pay court ordered financial obligations, including his child support, in a timely fashion is prejudicial to the administration of justice and violated KRPC 8.4(d). Further, the respondent agrees that his conduct adversely reflects on his fitness to practice law and violates KRPC 8.4(g).

'14.   The respondent and the Disciplinary Administrator recommend to the panel hearing this case and to the Kansas Supreme Court that published censure is the appropriate discipline for the respondent's conduct as set out in this stipulation. Both the respondent and the Disciplinary Administrator understand that the recommendation is not binding on either the panel or the Kansas Supreme Court.

'15.   The respondent and counsel for the Disciplinary Administrator's Office have discussed aggravating and mitigating factors with respect to the recommendation. Evidence of those factors will be presented at the hearing.

'16.   The respondent agrees to report to the Disciplinary Administrator's Office any finding made by the court in his paternity action in Sedgwick

County that he has failed to comply with a court order or that sanctions have been assessed against him. A finding by a judge in the respondent's paternity action that he has violated a court order or that sanctions have been assessed will result in the Disciplinary Administrator's Office requesting an order to show cause before the Kansas Supreme Court with a recommendation that the respondent be suspended from the practice of law in Kansas.'

"9.   On March 26, 2013, the hearing panel [Footnote: Mr. Ridenour presided over the hearing in person. Mr. Milbourn also appeared in person at the hearing. With the agreement of the parties, Mr. Badgerow appeared by telephone.] conducted the hearing on the formal complaint. The respondent appeared in person, with counsel, John J. Ambrosio. The disciplinary administrator appeared through Mr. Hazlett.

"10.   During the hearing, the hearing panel admitted Exhibits 1 through 9, offered by the disciplinary administrator. The respondent did not offer any exhibits.

"11.   The hearing panel accepts the stipulation of the parties and hereby incorporates the factual statements included above as the findings of fact.

"12.   Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4(d) and KRPC 8.4(g), as detailed below.

## "KRPC 8.4(d)

"13.   'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he failed to provide documents to counsel as ordered by the court. Additionally, the respondent engaged in conduct that was prejudicial to the administration of justice when he failed to pay court-ordered financial obligations, including child support, in a timely fashion. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

## "KRPC 8.4(g)

"14.   'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on his fitness to practice law when he failed to comply with court orders to provide documents and timely meet financial obligations, including child support. The hearing panel concludes that the respondent violated KRPC 8.4(g).

## "American Bar Association
### Standards for Imposing Lawyer Sanctions

"15.   In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the

factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"16. *Duty Violated.* The respondent violated his duty to the public to maintain his personal integrity. Additionally, the respondent violated his duty to the legal system to comply with court orders.

"17. *Mental State.* The respondent knowingly violated his duties.

"18. *Injury.* As a result of the respondent's misconduct, the respondent caused actual injury to the administration of justice.

"Aggravating and Mitigating Factors

"19. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"20. *Prior Disciplinary Offenses.* The respondent has been informally admonished on four previous occasions. First, in 1995, the respondent was informally admonished for failing to timely file an appeal from an adverse ruling in a Kansas Civil Service Board case. Additionally, in that case, the respondent also failed to adequately communicate with his client.

"21. In 2000, the respondent was informally admonished for failing to promptly respond to an order to show cause in a client's bankruptcy case.

"22. In 2002, the respondent failed to appear at a hearing in a limited action case. As a result of the respondent's failure to appear, the court entered judgment against the respondent's client and dismissed the respondent's client's counterclaim.

"23. In 2010, the respondent was informally admonished when he failed file a case within the statute of limitations and failed to adequately communicate with his client.

"24. *A Pattern of Misconduct.* The respondent has engaged in a pattern of misconduct by repeatedly failing to comply with court orders. As such, the hearing panel concludes that the respondent engaged in a pattern of misconduct.

"25. *Substantial Experience in the Practice of Law.* The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1981. At the time of the misconduct, the respondent had been practicing law for approximately 28 years.

"26. Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"27. *The Present and Past Attitude of the Attorney as Shown by the Attorney's Cooperation During the Hearing and the Attorney's Full and Free Acknowledgment of the Transgressions.* The respondent entered into a stipulation with the

disciplinary administrator. The respondent admitted to many factual allegations and two rule violations.

"28. *Imposition of Other Penalties or Sanctions.* The court required the respondent to pay more than $30,000 in attorney fees in the paternity action.

"29. *Remoteness of Prior Offenses.* The misconduct involved in the previous disciplinary complaint is remote in character to the misconduct involved in this case. The misconduct involved in the most recent informal admonition is not remote in time to the misconduct in this case.

"30. *Any Statement by the Complainant Expressing Satisfaction with Restitution and Requesting No Discipline.* L.L. sent the disciplinary administrator a letter which provided:

'Please note that it is neither my intent or my desire to cause [the respondent] any harm with regard to his professional life. I do believe he should be required to pay me the money he owes me and to comply with all court orders in our case.'

"31. In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standard:

'6.22 Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.'

*"Recommendation*

"32. In the stipulation, the parties jointly recommended that the respondent be censured for his misconduct. Further, the parties recommended that the censure be published in the Kansas Reports. Finally, the parties recommended that should the respondent engage in further misconduct, the respondent be suspended from the practice of law.

"33. The ABA Standards indicate that suspension is appropriate in a case like this. However, based upon the stipulation of the parties and mitigating circumstances, the hearing panel unanimously recommends that the respondent be censured and the censure be published in the Kansas Reports. Further, if the respondent fails to comply with a court order or if sanctions are assessed against him in the paternity action, the hearing panel recommends that the respondent be suspended for a period of six months.

"34. Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, the discipline to be imposed. Attorney misconduct must

be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2013 Kan. Ct. R. Annot. 356). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer. The Disciplinary Administrator's office and respondent entered into a written stipulation upon which the panel's final hearing report was based in part. Respondent filed no exceptions to that final hearing report. As such, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2013 Kan. Ct. R. Annot. 375).

The evidence before the hearing panel establishes by clear and convincing evidence the charged misconduct violated KRPC 8.4(d) (engaging in conduct prejudicial to the administration of justice) and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law), and it supports the panel's conclusions of law. We adopt the panel's conclusions.

The only remaining issue for this court is the appropriate discipline for respondent's violations. At the hearing before this court, the office of the Disciplinary Administrator and respondent jointly requested that respondent be censured for his misconduct; that the censure be published in the Kansas Reports; and, should the respondent engage in further misconduct, the respondent should be suspended from the practice of law.

The hearing panel recommended censure published in the Kansas Reports, and it further recommended this court order that respondent be suspended from the practice of law for a period of 6 months if he again engages in misconduct by failing to comply with a court order or if sanctions are assessed against him in the paternity action.

The hearing panel's recommendations are advisory only and do not prevent us from imposing greater or lesser sanctions. Supreme Court Rule 212(f) (2013 Kan. Ct. R. Annot. 375); see *In re Kline*, 298 Kan. 96, 212-13, 311 P.3d 321 (2013). A majority of this court

accepts the hearing panel's recommendations with the modifications set out below. Three members of this court would impose an immediate 6-month suspension from the practice of law.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Pantaleon Florez, Jr., be suspended from the practice of law in the state of Kansas, in accordance with Supreme Court Rule 203(a)(2) and (5) (2013 Kan. Ct. R. Annot. 300), for a 6-month period but that imposition of this discipline shall be stayed and respondent placed on probation for a 5-year period from the date this opinion is filed.

IT IS FURTHER ORDERED that if Pantaleon Florez, Jr., engages in further misconduct during his probationary period by failing to comply with a court order or if sanctions are assessed against him in the paternity action, a show cause order shall issue and this court will take whatever disciplinary action appears just and proper without further formal proceedings.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

NUSS, C.J., and LUCKERT, J., not participating.

ATCHESON and POWELL, JJ., assigned.